MARÍA LUISA AVILÉS DE BEISO, Plaintiff and Appellee, v. SUCCRS. OF ANGEL SUÁREZ ETC., ET AL., Defendants and Appellants.

No. 5498. Argued December 8, 1930.—Decided December 11, 1930.

*José Sabater* for appellants. *Nazario & García Méndez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The appellee herein has asked for a dismissal of the appeal because the latter having been taken on August 6, 1930, when the notice of appeal was filed, ninety days have elapsed without the record of appeal having been filed in this court, which appeal, the appellee claims, has been taken in bad faith for purposes of delay and is frivolous, and because more than thirty days have elapsed without filing the judgment-roll; also because the appellants have failed to take any steps for the approval of the transcript of the evidence.

The motion is opposed by the appellants, who essentially maintain that, upon the filing of the transcript of the evidence, the district court set October 27, 1930, for the appearance of the parties for the purpose of settling such transcript and that the appellee failed to appear; that November 24, 1930, was similarly set without the appellee appearing either; and that the attorney for the appellants moved the court to approve the transcript, but the court had not acted on the motion. They also contend that the period of thirty days for filing the judgment-roll begins to run from the approval of the transcript of the evidence. They have filed a certificate from the clerk of the district court in support of the above contentions.

A reading of Rule 40 of this court clearly shows that the period of thirty days for filing the transcript of the record begins to run from the date of the settlement by the lower court of the statement of facts, bill of exceptions or statement of the case, if any, and otherwise from the filing of the

notice of appeal. The rule is applicable .where. use is made of the alternative method of the transcript of the evidence.

The ninety-day period mentioned in Rule 59 of this court refers to those cases where, in the exercise of our discretion, appeals are dismissed by us if it is satisfactorily shown that the appeal is not prosecuted in good faith or with due diligence. No such showing has been made in the case at bar.

The claim that the appeal is frivolous can not be considered by this court unless proof in support thereof is presented, and this has not been done in the case herein.

The motion of the appellee must be dismissed.